UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORRIN TYLER COLBOURN, | No. 2:25-cv-00539 SCR P |
| Plaintiff, | |
| v. | ORDER |
| JOSEPH MCLANE, | |
| Defendant. | |

Plaintiff is incarcerated in state prison and proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Plaintiff's complaint is before the undersigned for screening under 28 U.S.C. § 1915A. ECF No. 1. For the reasons set forth below, plaintiff's complaint fails to state any cognizable claims for relief. Plaintiff will be given leave to file an amended complaint.

**IN FORMA PAUPERIS**

Plaintiff has requested leave to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915. ECF No. 3. Plaintiff has submitted a declaration showing that he cannot afford to pay the entire filing fee. See 28 U.S.C. § 1915(a)(2). Accordingly, plaintiff's motion to proceed in forma pauperis is granted. This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one lump sum. 28 U.S.C. §§ 1914(a). As part of this order, the prison is required to remove an initial partial filing fee from plaintiff's trust account. See 28 U.S.C. § 1915(b)(1). A separate order

1  directed to CDCR requires monthly payments of twenty percent of the prior month's income to be
2  taken from plaintiff's trust account. These payments will be taken until the $350 filing fee is paid
3  in full. See 28 U.S.C. § 1915(b)(2).

## STATUTORY SCREENING

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## PLAINTIFF'S COMPLAINT

### I.     Factual Allegations of the Complaint

The events underlying plaintiff's complaint occurred in Oroville, Butte County. ECF No. 1 at 1. Plaintiff alleges an Eighth Amendment/D.M.V. Handbook violation against defendant McLane. Plaintiff states that on April 1, 2023, defendant McLane was driving an F350 pickup truck on the wrong side of the read in oncoming traffic and caused an accident. Id. Plaintiff

seeks $88 million dollars in damages. Id. at 5.

**DISCUSSION**

Plaintiff's complaint fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must show that (1) a defendant acting under color of state law (2) deprived plaintiff of rights secured by the Constitution or federal statutes. Benavidez v. County of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021). Plaintiff does not allege that defendant McLane is acting under color of state law. The undersigned infers, based on the allegation that plaintiff filed a staff misconduct appeal, see ECF No. 1 at 3, that McLane is likely a prison or jail official. But while courts must liberally construe complaints to give pro se plaintiffs "the benefit of any doubt," Byrd v. Phoenix Police Department, 885 F.3d 639, 642 (9th Cir. 2018) (citations omitted), they "may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997). Moreover, plaintiff provides no details on the accident or otherwise explain the alleged harm.

Accordingly, having conducted the screening required by 28 U.S.C. § 1915A, the court finds that the complaint does not state a valid claim for relief pursuant to 42 U.S.C. § 1983 against defendant McLane. Because of these defects, the court will not order the complaint to be served on defendants. Plaintiff may try to fix these problems by filing an amended complaint. In deciding whether to file an amended complaint, plaintiff is provided with the relevant legal standards governing his potential claims for relief below. See Attachment A.

In addition, if plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). The complaint must also allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

1    Plaintiff is also informed that the court will not refer to a prior pleading in order to make
2    his amended complaint complete. Local Rule 220 requires that an amended complaint be
3    complete in itself without reference to any prior pleading. This is because, as a general rule, an
4    amended complaint supersedes any prior complaints. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.
5    1967) (citations omitted). Once plaintiff files an amended complaint, any previous complaint no
6    longer serves any function in the case. Therefore, in an amended complaint, as in an original
7    complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## PLAIN LANGUAGE SUMMARY OF THIS ORDER

Your complaint will not be served because the facts alleged are not enough to state a claim. Specifically, you do not explain who defendant McLane is or whether he is a public actor subject to 42 U.S.C. § 1983. You are being given a chance to fix these problems by filing an amended complaint. If you file an amended complaint, pay attention to the Eighth Amendment standard below. Be sure to provide facts that show exactly what McLane did to violate your rights. **Any claims and information not in the amended complaint will not be considered.**

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 3) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of 42 U.S.C. § 1983, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case, **2:25-cv-00539 SCR P**, and must be labeled **"First Amended Complaint."**

5. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

6. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: December 22, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT A

## I. Eighth Amendment Substantial Risk of Serious Harm

The Eighth Amendment's prohibition against "cruel and unusual punishments" imposes duties on prison officials to provide "humane conditions of confinement." Farmer v. Brennan, 511 U.S. 825, 832 (1994). Under the Eighth Amendment, "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" Id. at 832 (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). The Amendment's protections extend to "condition[s] of confinement that [are] sure or very likely to cause serious illness and needless suffering" in the future. Helling v. McKinney, 509 U.S. 25, 32 (1993).

In such circumstances, it is a "prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate" that violates the Eighth Amendment. Farmer, 511 U.S. at 828. This type of Eighth Amendment claim has an objective component and a subjective component. First, an inmate must allege that the risk was, objectively, "sufficiently serious." Lemire v. Cal. Dep't of Corr. & Rehab., 726 F.3d 1062, 1074 (9th Cir. 2013) (citing Farmer, 511 U.S. at 834). Second, the plaintiff must allege that the defendant official acted, subjectively, with "deliberate indifference" to his health or safety. Peralta v. Dillard, 744 F.3d 1076, 1082 (9th Cir. 2014) (citing Farmer, 511 U.S. at 837). The deliberate indifference standard requires a showing that the prison official acted or failed to act despite the prison official's knowledge of a substantial risk of serious harm to the prisoner. Id. (citing Farmer, 511 U.S. at 842.)